IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:24MJ08003 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | AMANDA M. KNAPP |
| TIARRA HOPSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **ORDER** |
| | ) | |

Defendant Tiarra Hopson has filed a Motion to Modify the Restitution Order entered by this Court on January 14, 2025, pursuant to 18 U.S.C. § 3664.  (ECF Doc. 16.)  The Government has filed a memorandum in opposition with supporting documents.  (ECF Docs. 20, 21.)  For the reasons set forth below, the Court **DENIES** the Motion.

## I. BACKGROUND

Defendant began receiving disability benefits under the Federal Employees' Compensation Act ("FECA") in October 2019, while working as a City Carrier for the U.S. Postal Service.  (ECF Doc. 5 ("Plea Agreement"), p. 7.)  During the time that she was receiving disability benefits, Defendant had a duty to report any earnings to the Department of Labor ("DOL") and knew of that duty.  (*Id.*)  Nevertheless, between October 2019 and July 2020, she intentionally failed to report earnings she collected from Uber and Instacart while receiving disability benefits and filed related certifications that were materially false.  (*Id.* at pp. 7-8.)

Following a DOL investigation, Defendant was found to owe a debt of $15,443.50 in overpaid disability benefits.  (ECF Doc. 15, p. 4; ECF Doc. 20-1, pp. 48-50.)  She made payments from June 2021 through September 2024, reducing the total debt to $5,581.26.  (*Id.*)

On August 29, 2024, Defendant pled guilty to a misdemeanor violation of 18 U.S.C. § 1920, False Statement or Fraud to Obtain Federal Employees' Compensation pursuant to a plea agreement. (ECF Doc. 5.) In the plea agreement, Defendant agreed to pay restitution in the amount of $5,757.78 to the DOL's Office of Workers' Compensation Programs ("OWCP"), with a stipulation that any payments made after the plea agreement would be applied as a credit against the final restitution order. (*Id.* at pp. 8-9.)

On January 13, 2025, the Court sentenced Defendant to probation and ordered her to pay restitution in the amount of $5,581.26. (ECF Doc. 13.) The Court's judgement provided:

> Restitution is due and payable immediately. Should the defendant be unable to pay in full immediately, the balance must be paid at a minimum rate of 10% of the defendant's gross monthly income. . . . The Court waives the interest requirement in this case.

(*Id.* at p. 6.)

Defendant filed the present Motion on February 24, 2025, asking the Court to "modify the restitution amount owed in this matter to $0.00." (ECF Doc. 16, p. 1.) In support, she attaches a letter she received from the DOL's OWCP on January 27, 2025, which states that the OWCP determined based upon supporting documentation previously provided by Defendant that her remaining debt of $5,581.26 "warrants a Compromise of a portion of the overpayment" due to a finding of "financial hardship." (ECF Doc. 16-1.) Specifically, the letter states:

> The evidence you have submitted, along with the evidence of file, shows that financial hardship applies to this debt.
>
> The current overpayment balance is $5,581.26. The overpayment amount is being compromised in full. Your overpayment account has thus been fully liquidated and closed.
>
> Note: Compromise is a contractual agreement on the part of the United States to be satisfied with partial repayment of the debt and is final and conclusive. 31 U.S.C. § 3711. Even if the debtor's circumstances change, such that the reasons

for the compromise are no longer valid, OWCP has officially forgiven the remainder of the debt and may not pursue additional repayment.

(*Id.*)

The Government filed a memorandum in opposition with supporting documentation on March 13, 2025, after being granted leave to file certain sensitive documents under seal. (ECF Docs. 19, 20, 21.) The Government argues that the Court should deny the Motion because the restitution statute does not allow the Court to reduce Defendant's restitution obligation, and because Defendant has not provided documentation to show that she is unable to make the restitution payments ordered by the Court. (ECF Doc. 20.) In support, the Government submits a March 11, 2025 memorandum from the OWCP which states the following:

> On January 22, 2025, the DFEC [Division of Federal Employees' Compensation] program received a completed Overpayment Recovery Questionnaire and supporting documentation from Tiarra Hopson requesting relief outstanding forfeiture debt due to the program. After review of the supporting documentation, relief was granted in the form of a hardship financial compromise and the remaining balance of $5,581.26 was forgiven. *DFEC considers debt compromise to be an administrative action separate from any question before the court on the matter of restitution*.

(ECF Doc. 20-2 (emphasis added).)

## II.  ANALYSIS

Defendant requests modification of the Court's January 13, 2025 restitution order pursuant to 18 U.S.C. § 3664(k), which provides, in pertinent part:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. . . . The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, *the court may*, on its own motion, or the motion of any party, including the victim, *adjust the payment schedule, or require immediate payment in full, as the interests of justice require*.

3

*Id.* (emphasis added). Although Defendant acknowledges that § 3664(k) provides an avenue to adjust the restitution "payment schedule," she nevertheless requests that this Court "modify the restitution *amount* owed in this matter to $0.00 in alignment with the DOL's findings and position." (ECF Doc. 16, p. 1 (emphasis added).) While acknowledging that "the court may adjust the payment schedule," the Government argues that "the statute does not allow for the restitution to be commuted entirely." (ECF Doc. 20, p. 4.) Instead, the Government argues that the administrative closure of Defendant's DOL overpayment account does not impact the enforceability of the final restitution order, and that this Court does not have authority to modify the restitution *amount* under the available statutory exemptions. (*Id.* at pp. 3-5.)

"A district court's power to revisit a sentence once imposed is extremely limited." *United States v. May*, 500 F. App'x 458, 460 (6th Cir. 2012). Once a criminal defendant has been sentenced, the district court "generally has jurisdiction to continue hearing related issues when authorized by statute or rule." *Id.* (citing *Carlisle v. United States*, 517 U.S. 416 (1996)). Under the Mandatory Victims Restitution Act ("MVRA"), a sentence imposing an order of restitution is a final judgment that can only be corrected, modified, amended, or adjusted in specific circumstances. *See* 18 U.S.C. §§ 3664(o)(1)(A)-(D).

Of the limited statutory grounds for change under the MVRA, Defendant seeks relief specifically under § 3664(k), which permits the Court to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require" when there has been a "material change in the defendant's economic circumstances." 18 U.S.C. § 3664(k); *see id.* § 3664(o)(1)(D).[1] This language clearly contemplates changes in the "payment schedule" only,

---

[1] Defendant has not sought relief under any of the other statutory grounds available for seeking to modify a restitution order, and none of those grounds appear applicable in this case. *See, e.g.,* 18 U.S.C. §§ 3664(o)(1)(A)-(C). Rule 35 of the Federal Rules of Criminal Procedure permits correction of a restitution order for "arithmetical,

4

not in the amount of restitution owed.  Indeed, the Sixth Circuit has recognized that there is "no provision of § 3664 [that] permits the overall *amount* of restitution to be modified." *United States v. Holley*, No. 19-5492, 2020 WL 2316052, at *2 (6th Cir. Jan. 29, 2020) (emphasis in original); *see United States v. Allen*, No. CR 14-20191, 2021 WL 2102601, at *2 (E.D. Mich. May 25, 2021) (citing *Holley*).  Nevertheless, Defendant does not seek to adjust her payment schedule, but rather to modify the amount due.  Because § 3664(k) does not permit this Court to award the relief Defendant seeks, the Court does not have statutory authority to grant her request.

This result is also consistent with the purposes of restitution.  As the Sixth Circuit observed in *May*, "restitution ordered as part of a criminal sentence is punitive rather than compensatory in nature."  500 F. App'x at 462 (citing *Kelly v. Robinson*, 479 U.S. 36 (1986)).  Although restitution "'resemble[s] a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion.  The victim has no control over the amount of restitution awarded or over the decision to award restitution.'"  *Id.* (quoting *Kelly*, 479 U.S. at 52).  Considering this distinction, the Sixth Circuit in *May* held that a defendant's obligations under a restitution order cannot be discharged even based on a private agreement between a defendant and a victim.  *See id*. at 462-63; *cf. United States v. Bearden*, 274 F.3d 1031, 1041 (6th Cir. 2001) (finding "a private settlement between a criminal wrongdoer and his victim releasing the wrongdoer from further liability does not preclude a district court from imposing a restitution order for the same underlying wrong").

---

technical, or other clear error" within 14 days of sentencing, and for reductions in sentence based on substantial assistance in an investigation or prosecution.  Fed. R. Crim. P. 35(a)-(b); *see* 18 U.S.C. § 3664(o)(1)(A).  Section 3742 permits appeal of a sentence on the grounds that it was imposed in violation of law or other specified reasons relating to the application of the sentencing guidelines.  18 U.S.C. §§ 3742(a)(1)-(4); *see* 18 U.S.C. § 3664(o)(1)(B).  Section 3664(d)(5) provides a process by which a victim may petition to amend a restitution order after sentencing to include additional victim losses.  18 U.S.C. § 3664(d)(5); *see* 18 U.S.C. § 3664(o)(1)(C).

Here, the DOL entered into a contractual agreement to treat Defendant's remaining overpayment debt as fully satisfied. (ECF Doc. 16-1.) This was an administrative action undertaken by the DOL, separate from the criminal proceedings before this Court. (ECF Doc. 20-2.) Considering the limitations in this Court's statutory authority to modify final restitution orders and the Sixth Circuit's recognition that "restitution ordered as part of a criminal sentence is punitive rather than compensatory in nature," *May*, 500 F. App'x at 462; *Bearden*, 274 F.3d at 1041, this Court must conclude that it lacks the authority to modify the amount of restitution Defendant owes under the January 13, 2025 restitution order, regardless of the recent administrative actions taken by the DOL with regard to Defendant's overpayment debt.[2]

### III.  CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion to Modify the Restitution Order (ECF Doc. 16).

IT IS SO ORDERED.

Dated:  April 18, 2025                                *s/Amanda M. Knapp*
                                                                    Amanda M. Knapp
                                                                    United States Magistrate Judge

---

[2] The Government asserts that it has "consulted with both the USPS and the DOL, and the agencies have confirmed that payments received through the restitution order will be received by the DOL Office of Worker's Compensation Programs and then credited to the USPS." (ECF Doc. 20, p. 4.)